(Hamilton County Court of Insolvency.)

## In re STANDARD WAGON COMPANY.

---

Where one, not a mere volunteer, advances unpaid wages with an honest purpose of relieving wage earners, and not for personal gain, he is entitled to be subrogated to the rights of said wage earners.

---

McNEILL, J.

The petition alleges that John Craft is a creditor of the Standard Wagon Company for $754.18; that he has been paid $300; that he was the superintendent of the paint shop, and was paid a fixed sum as wages each week, and that as a further inducement to secure from him economical and efficient management a reward or compensation was agreed by the Standard Wagon Company to be paid him, provided the cost of painted gears furnished by his department should be less than a certain fixed price, the com-

pensation agreed upon being the difference saved

Some time prior to the assignment, the wagon company having failed to promptly pay the men employed, Craft called on the proper officers of the company, who informed him that the company was unable to pay for want of ready money. Craft then suggested that he could advance some money to the men in his department, and was assured that if he would do so he would be protected by the company. Craft thereupon did advance money to the men on account of their wages, of which the balance of $454.18 now due him is a part. The wages in question were all earned within twelve months of the assignment. The Wagon Company made an assignment without having repaid to Craft the money so paid by him, or having in any way protected him. He now claims the right to be subrogated to the rights of the men whose wages he paid.

In the case of Putnam v. The News Publishing Company, 14th Bulletin 109 one Steel, under an agreement with the directors of the Publishing Company—which the directors subsequently failed to carry out—advanced large sums of money as manager of the business, in conducting the business, including the wages of the employees of the company. A receiver having been appointed for the company, at the suit of a creditor brought in the Superior Court of Cincinnati, Steel made application to the court to be subrogated to the rights of the employees whose wages he had paid while he was in charge of the business of the company. The case was reserved to the general term and there heard by judges Harmon and Force, and Steel's right to be subrogated was sustained. Judge Harmon, in delivering the opinion of the court, says:

"The exact limits of the right of subrogation are not very clearly defined. It is a mere equity, and therefore not to be enforced to the prejudice of rights having equal claims to protection; and while it may under some circumstances be asserted by a stranger, it does not arise in favor of a mere volunteer. Sheldon on Sub., sections 1 and 240. In both these regards Steele is in a position to claim the right. Though a stranger to the obligation, he is not a mere volunteer, having paid at the implied request of the debtor and upon the faith of unfulfilled promises of the debtor's agents, and to protect the interest he had already obtained in the continuance of the business by serivces and other advances in carrying it on. And the only persons to be affected are general creditors, who would be in no worse position than if he had not paid the wages."

In the case under consideration Craft was not a mere volunteer. He was the superintendent of the department. He had an agreement with the wagon company which it was to his interest to protect. He could only hold the employees in his department together by providing for the payment of their wages, and it was after he had made

an effort to get the money from the company for the men, and under promise of protection from the company, that he advanced the money. The tendency of our legislation and the recent decisions of our courts is to throw every possible protection around the wage earner, the reason for this being that his living depends upon his earnings, and if they are withheld it brings distress to himself and family. Therefore, in my judgment, where any other person other than a mere volunteer, who, with an honest purpose to relieve the wage earner, and not for the purpose of personal gain, advances money in payment of wages earned, he should on prnciples of equity be entitled to be subrogated to every right of the employee whose wages he has paid, including the right of preference given by our statutes.

An order will therefore be made subrogating said Craft to the rights of the several parties whose wages he paid, and ordering payment of his claim out of any funds applicable to its payment.

Marsh & Ritchie.